## *RAMSAY* vs. *LIVINGSTON.*

EasternDis'ct
May, 1827.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of th court. The defendant being a member of the house of representatives of the United States, and in attendance on congress, the plaintiff, on the sheriff's return that he was not to be found, had a curator *ad litem* appointed for him.

This gentleman neglecting to answer, judgment by default was taken, and on his motion set aside, and several months were given him to correspond with the defendant. At the expiration of these, no answer being filed, judgment by default was again taken and set aside.

Finally, the curator pleaded that the defendant was not an absentee in the sense in which that word is used in that part of the code which treats of the appointment of curators. The general issue was also pleaded. There was judgment for the plaintiff, and the defendant appealed.

We are not aware that members of congress enjoy any privilege or exemption in civil cases, other than the absolute freedom

Members of congress enjoy no other privilege, in civil cases, than an exemption from arrest.

A curator may be appointed to an absentee, in the service of the republic.

If a transfer be written on the back of a note, but not signed, and the note remains in the payee's hands the transfer must be considered as inchoate.

EasternDis'ct
May, 827:

RAMSAY
vs
LIVINGSTON:
of their persons, *eundo, morando et redeundo.*

In the appointment of a curator it does not appear to us that the judge ought to be influenced by the absence being on public service.

If a citizen goes to Canton, as consul of the United States, and the person in whose charge he left his estate here die, the absence of the former on public service, is surely no reason why his estate should be left unprotected; and a curator must be appointed, if necessary. So it is with the estate of a citizen absent on any other account.

But curators are appointed, at times, for the interest of the absentee ; at others, for that of his creditors, when he leaves his concerns in such a situation that those creditors cannot establish their claims or enforce payment. In such a case, justice as forcibly requires the appointment of a curator to a citizen absent on public duty, as to any other person, unless our laws have provided a particular privilege or exemption in favour of the former. We are not aware that they have.

By *Partida* **3, 2, 12,** if a debtor be in cap- tivity or absent, his creditors may require that a curator be appointed, against whom suits may be instituted.

By the old *civil code* 15, *art.* 8, the judge before whom a suit is pending, in which an absentee is directly or indirectly interested, is to appoint a person to defend his rights, if he be not otherwise represented.

This, perhaps, might be said to extend only to suits *pending*, not to those to be instituted; but the new code puts this beyond all doubt, and directs the appointment of a curator *ad hoc*, " if a suit be instituted against an absentee." Now a suit is instituted by the mere filing of the petition, and taking out process. The French part of the code is more particular, " *si l'on a form*é *une action.*"

On this part of the case we are with the plaintiff.

On the merits, it is urged that the payee of the note, the plaintiff, parted with his interest in the note, and consequently cannot maintain a suit thereon, without shewing that it was re-transferred to him, or that he otherwise re-ac-quired it. The evidence of the fact thus al-ledged, is shewn by an endorsement on the

RAMSAY
*vs.*
LIVINGSTON.

back of the note, stating that it was transferred to another person, without any recourse on the original payee. But the record shews this transfer was not signed, and while the payee remains in possession of the note, the transfer must be viewed as inchoate.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Hoffman* for the plaintiff, *Smith* for the defendant.